IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                               4:11-CR-00004-01-JM

CECIL ALDRIDGE

**ORDER**

Pending is Defendant's Motion for Compassionate Release (Doc. No. 114). The Government has responded.[1] Defendant has replied.[2] For the reasons set out below, the motion is DENIED.

**I.    BACKGROUND**

On February 26, 2013, Defendant pled guilty to being a felon in possession of a firearm.[3] Qualifying as an Armed Career Criminal, Defendant had a statutory, mandatory minimum sentence of 180 months. On July 23, 2013, he was sentenced to 192 months in prison.[4]

**II.    DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the factors in 18 U.S.C. § 3553(a).[5]

---

[1] Doc. No. 116.

[2] Doc. No. 118.

[3] Doc. No. 54.

[4] Doc. No. 63, 65.

[5] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

1

Defendant asserts that as "an African-American man with primary hypertension and probable heart disease, [he] is especially vulnerable to serious illness or death from COVID-19."[6] First, these health issues are not severe enough to be "extraordinary and compelling." Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[7] None of these health issues are listed. In fact, Defendant's health issues are common to most middle-aged men – there is nothing extraordinary and compelling about them.[8] Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[9] Third, Defendant is 39 years old, which means he does not meet the age minimum under the Guidelines. Additionally, he has not served either 10 years in prison or at least 75% of his sentence.

---

[6]Doc. No. 114.

[7]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (I) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[8]*United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020)("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(I).").

[9]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020)

Defendant also asserts that an additional extraordinary and compelling reason is that he no longer qualifies for an enhanced sentence under the Armed Career Criminal Act. Even assuming this is true, the issue is unrelated to grounds for compassionate release.

Even if Defendant could establish extraordinary and compelling reasons, his request for compassionate release must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant. Since age 17, Defendant has repeatedly been convicted of felonies, including two separate convictions for residential burglary, criminal mischief, second-degree sexual assault, felon in possession of a firearm, and conspiracy to commit armed robbery (which he actually committed), and conspiracy to brandish a firearm during an armed robbery (which he actually brandished). In fact, Defendant committed the instant offense while still on supervised release for a previous conviction. Additionally, the details of the instant offense need to be considered: Defendant fired a gun at another individual. This is the same behavior – illegally possessing guns and threatening others – Defendant has been displaying for years.

## CONCLUSION

For the reasons set out above, Defendant's Motion for Compassionate Release (Doc. No. 114) is DENIED.

IT IS SO ORDERED, this 29th day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE